United States District Court
Southern District of Texas

**ENTERED**

April 27, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| REGIONS BANK, D/B/A ASCENTIUM CAPITAL, | § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. H-25-4572 |
| v. | § § | |
| SLAB BBQ, LLC, *et al.*, | § § | |
| Defendant. | § § § | |

**MEMORANDUM AND OPINION**

This is a loan-default case.  Slab BBQ, LLC defaulted on its loan, and Regions Bank filed this lawsuit to collect.  Regions Bank moved for summary judgment, and Slab BBQ does not dispute that Regions Bank is entitled to summary judgment.  (Docket Entry Nos. 28, 29, 29-1).  Slab BBQ does dispute the reasonableness of the $20,276.54 in attorney's fees and costs that Regions Bank seeks and the appropriate interest amounts.  (Docket Entry No. 29 at 7–8).  Based on a review of the motion for summary judgment, the response, the reply, the record, and the applicable law, the court issues the following rulings.

**First**, because liability is not disputed, Regions Bank's motion for summary judgment, (Docket Entry No. 28), is granted in part.  Slab BBQ owes Regions Bank the accelerated amount of $111,600.62.  (Docket Entry No. 28-1 at 2).[1]

**Second**, Regions Bank is entitled to prejudgment and postjudgment interest, but three issues are raised in summary judgment motion.  First, Regions Bank appears to ask for double interest.  Its summary judgment motion calculates its damages based on interest accrued and then

---

[1] The court notes that Regions Bank is entitled to a judgment in the amount warranted by the facts and the law, regardless of what the defendants can "afford."  (Docket Entry No. 29 at 1).

asks for additional prejudgment interest of 18% per annum.  (*See* Docket Entry No. 28 at 3, 6–7).

But "in a contract case where the contract provides for interest," the prejudgment interest rate is

"the lesser of the interest rate specified in the contract or eighteen percent a year."  *Clear Lake*

*City Water Auth. v. Friendswood Dev. Co.*, 344 S.W.3d 514, 525 (Tex. App.—Houston [14th Dist.]

2011, pet. denied).  Regions Bank cannot recover double interest on the amount due under the loan

agreement, which is "the lower of 1.5% per month or the highest rate allowed by law."  (Docket

Entry No. 28-1 at 4).[2]

Second, Regions Bank's interest request is not sufficiently precise.  The loan agreement

includes an automatic late fee: "Any amount not paid when due is subject to a late charge of the

lower of 10% of such amount or the highest amount allowed by law."  (Docket Entry No. 28-1 at

4).  The court does not see in the loan agreement a term fixing the due date for this separate late

fee.  When a contract is silent as to time of payment, "it is usually implied that payment is to be

made within a reasonable time, or on demand."  *Bryant v. Clark*, 347 S.W.2d 635, 638 (Tex. Civ.

App.—Austin 1961) *aff'd*, 358 S.W.2d 614 (Tex. 1962).  The prejudgment interest on each late

charge does not appear to accrue on the date that Slab BBQ incurs the late fee.  Regions Bank must

calculate the appropriate prejudgment interest for each late fee.  *See Silver Star Enters., Inc. v.*

*Saramacca M/V, Etc.*, No. CIV. A. 92-1297, 1993 WL 54186, at *2 (E.D. La. Feb. 25, 1993)

("[P]rejudgment interest should be calculated from the dates on which the subject invoices were

---

[2] The motion and supporting affidavit slightly misstate the interest term in the loan agreement.  The motion states that "interest on all past due amounts accrues at a rate of 1.5% per month or the highest rate allowed by law."  (Docket Entry No. 28 at 3).  The supporting affidavit states that "default interest accrues at the rate of 18.00% per annum on past due amounts or the highest rate allowed by law."  (Docket Entry No. 28-1 at 2).  But the loan agreement includes an additional, material qualification: "You agree to pay us interest on all past due amounts **at the lower** of 1.5% per month or the highest rate allowed by law."  (Docket Entry No. 28-1 at 4 (emphasis added)).  The relevant pre-judgment interest rate should be 18% per annum, which Regions Bank does appear to adopt as a matter of substance.  (*See* Docket Entry No. 30 at 3 (using 18% per annum)).

due."); *cf. In re Wilson*, 69 B.R. 960, 967 (Bankr. N.D. Tex. 1987) ("The Court realizes that this will result in different interest rates for amounts which became due in different months, but that is what the statute contemplates.").

Third, Regions Bank assumes that prejudgment and postjudgment interest are the same. But "[f]ederal law governs postjudgment interest in federal cases, including diversity cases." *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 456 (5th Cir. 2013). Postjudgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield." 28 U.S.C. § 1961(a). Parties may contract for a different rate "consistent with state usury and other applicable laws," *Hymel v. UNC, Inc.*, 994 F.2d 260, 266 (5th Cir. 1993), if they "do so using 'clear, unambiguous, and unequivocal language,'" *Tricon Energy*, 718 F.3d at 456 (alteration adopted) (quoting *Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 794 (10th Cir. 2009)). "Courts have held that contractual provisions specifying general interest rates for past-due debts are insufficient to displace the statutory postjudgment interest rate." *Tricon Energy, Ltd. v. Vinmar Int'l, Ltd.*, No. CIV.A. 4:10-05260, 2012 WL 176438, at *2 (S.D. Tex. Jan. 20, 2012), *aff'd*, 718 F.3d 448 (5th Cir. 2013). Because the contract does not provide for a specific postjudgment interest rate, the statutory rate applies. (*Contra* Docket Entry No. 28-3 (requiring a postjudgment interest rate of 18% per annum)).

***Third***, the court is skeptical of the amount of fees that Regions Bank requests and requires additional information to issue a fee award. At the initial conference, Slab BBQ did not dispute liability and suggested that settlement was appropriate. (*See* Docket Entry No. 27). The billing records show that the parties engaged in settlement discussions after the initial conference. (Docket Entry No. 28-2 at 22–29). Litigation after adequate settlement or judgment offers can be unreasonable, and fees for such litigation may be ignored or discounted. *See Malick v. NCO Fin.*

*Servs., Inc.*, No. CIV.A. H-14-1545, 2015 WL 4078037, at \*6–7 (S.D. Tex. July 6, 2015).  The parties should submit affidavits supporting or disputing the reasonableness of the fee amount sought.  The court will also assess the reasonableness of the fees in light of the interest-rate issues identified above.  *Cf. Leroy v. City of Houston*, 906 F.2d 1068, 1084–85 (5th Cir. 1990) (discounting fees accrued in a clearly erroneous attempt to procure postjudgment interest); *Neles-Jamesbury, Inc. v. Bill's Valves*, 974 F. Supp. 979, 990 (S.D. Tex. 1997) (determining fees "based on the quality and quantity of the necessary work").

The motion to dismiss, (Docket Entry No. 12), is denied.  The motion for summary judgment, (Docket Entry No. 28), is granted in part.  Based on these rulings, the parties must meet and confer on an appropriate judgment amount.  If they cannot agree by May 27, 2026, Regions Bank may move for summary judgment on the issues identified in this opinion.

SIGNED on April 27, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge